IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| BYRON KEITH THOMPSON, | * | Civil Action No. RDB-10-3287 |
| LEA SHAWNAY BELL, | | Civil Action No. RDB-10-3128 |
| | * | Criminal Action No. RDB-09-0271 |
| Defendants. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Byron Keith Thompson ("Thompson") and Lea Shawnay Bell ("Bell") (collectively "Petitioners") have moved this Court to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 60, 61, & 69). Petitioners challenge their sentences of 120 months, imposed by this Court on November 12, 2009, on the ground that they received ineffective assistance of counsel from their attorneys William Roosevelt Buie III ("Buie") and Jeffrey Earl Risberg ("Risberg"). Specifically, Petitioners claim that their attorneys were ineffective by (1) failing to interview and investigate government witnesses and by (2) failing to investigate defense witnesses to develop a theory of defense. Pending before this Court is Thompson's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 61), in which Bell joins (ECF No. 60). Also pending is Thompson's Motion to Supplement a Claim to the Pending § 2255 Motion (ECF No. 69). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons set forth below, Petitioners' Motions to Vacate, Set Aside, or Correct Sentence (ECF Nos. 60, 61, & 69) are DENIED.

1

**BACKGROUND AND PROCEDURAL HISTORY**

From at least October 2008 through at least May 2009, Thompson and Bell violated 18 U.S.C. § 1591(a), by jointly running a prostitution business involving three minors between the ages of fifteen and seventeen. Thompson Plea Agreement at 8-9, ECF No. 38; Bell Plea Agreement at 8-9, ECF No. 42. Pursuant to a written plea agreement, Thompson pled guilty to the four counts of the indictment. Thompson Plea Agreement at 7. Count One of Thompson's indictment charged him with Conspiracy to Commit Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591(c). *Id.* at 1. Counts Two through Four charged Thompson with three counts of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591, one count for each minor trafficked, as well as Aiding and Abetting (18 U.S.C. § 2). *Id.* at 2.

Bell also pled guilty pursuant to the terms of a written plea agreement that was almost identical to Thompson's. Bell Plea Agreement at 7. Count One of Bell's indictment charged her with Conspiracy to Commit Sex Trafficking of a Minor. *Id.* at 1. Counts Two through Four charged Bell with three counts of Sex Trafficking of a Minor, in violation of 18 U.S.C. § 1591, one count for each minor trafficked, as well as Aiding and Abetting (18 U.S.C. § 2). *Id.* at 2.

Petitioners were both sentenced by this Court to a total term of 120 months' imprisonment. On November 1, 2010, Bell filed a Motion to Join in Thompson's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 60). Thereafter, on November 19, 2010, Thompson filed said Motion to Vacate (ECF No. 61), challenging his sentence on the ground that he received ineffective assistance of counsel from his attorney William Buie III ("Buie"). On May 13, 2011, Thompson filed a Motion to Supplement a Claim to the Pending § 2255 Motion (ECF No. 69) in which he alleged ineffective assistance of counsel on the ground that his attorney failed to pursue an entrapment defense.

**STANDARD OF REVIEW**

An ineffective assistance of counsel claim requires that a petitioner satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

The United States Court of Appeals for the Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992). The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (4th Cir. 1986). Thus, ineffective assistance of counsel claims may be disposed of solely based on a deficiency in showing prejudice. *See Strickland*, 466 U.S. at 697.

**ANALYSIS**

Petitioners assert that they each received ineffective assistance of counsel in four ways. First, Petitioners claim that their attorneys were ineffective for failing to interview and investigate government and defense witnesses, including one or more alibi witnesses. Second, Petitioners allege that they received ineffective assistance of counsel because their attorneys failed to pursue an entrapment defense. Third, Petitioners claim that their attorneys induced

3

them to take guilty pleas by coercion and duress. Finally, Petitioners also claim that they received ineffective assistance of counsel because their attorneys failed to investigate and familiarize themselves with discovery materials and impeachment evidence of the government witness.

### I.   Petitioners' Claim Alleging Defense Counsels' Failure to Interview Key Witnesses

Petitioners argue that defense counsel rendered ineffective assistance by failing to interview key witnesses, including alibi witnesses. Pet. Mot. at 2-3, ECF No. 61. Specifically, Petitioners allege that their attorneys failed to interview and investigate government witnesses as well as failed to investigate defense witnesses to develop a theory of defense. *Id.* at 3. The Constitution does not require that *every* potential litigation strategy be pursued by counsel. Under *Strickland,* "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'. . . There are countless ways to provide effective assistance in any given case." *Strickland*, 466 U.S. at 690. The Fourth Circuit has noted that, "[t]he Sixth Amendment . . . does not always compel counsel to undertake interviews and meetings with potential witnesses where counsel is familiar with the substance of their testimony." *Huffington v. Nuth,* 140 F.3d 572, 582 (4th Cir. 1998).

Under the analysis set out in *Strickland,* it is not difficult for this Court to determine in this case that Petitioners' attorneys' actions fell "within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. As the Government points out in its Response, Petitioners have offered no evidence regarding "the details of the alleged alibis, the

number of witnesses with knowledge of such alibis, or how such alibis would have exonerated [Petitioners] completely from the crimes charged." Gov. Resp. at 12, ECF No. 65. Petitioners also fail to identify what information they provided their attorneys regarding alibis and witnesses. *Id.* The plea agreements demonstrate that Petitioners fully understood the terms of the plea. Both Thompson and Bell voluntarily signed their plea agreements.[1] Thus, both Buie and Risberg's actions and recommendations are easily viewed as sound trial strategy, to which courts are directed to give deference. For these reasons, Petitioners' argument that their attorneys failed to interview witnesses does not meet the first prong under *Strickland* of demonstrating that the performance of their defense counsels was deficient by falling below an objective standard of reasonableness.

Additionally, Petitioners have not met the second, or "prejudice" prong under *Strickland*, which requires Petitioners to demonstrate that defense counsels' errors deprived them of a fair trial. Where the alleged error of defense counsel is a "failure to investigate or discover potentially exculpatory evidence, the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." *Hooper v. Garraghty,* 845 F.2d 471, 475-76 (4th Cir. 1988). In making this assessment, the "burden is on the defendant to establish a reasonable probability that if his lawyers had obtained [such evidence], he would have rejected the plea agreement." *Id.* Here, Petitioners have not offered any evidence to meet their burden of proving that but for their attorneys' failure to interview witnesses, they would have rejected their plea agreements. Gov. Resp. at 14. For these reasons, Petitioners' argument that their attorneys failed to interview witnesses does not meet the

---

[1] Before accepting the plea agreements, both Defendants were asked whether their respective defense counsels had failed to do anything they asked them to do. To this question, each Defendant responded "no."

5

prejudice prong under *Strickland* of demonstrating that defense counsels' errors deprived them of a fair trial.

## II. Petitioners' Claim That Their Attorneys Failed to Pursue an Entrapment Defense

Petitioners also claim that they received ineffective assistance of counsel because their attorneys failed to pursue an entrapment defense. Pet. Supplement Mot. at 2, ECF No. 69. A successful entrapment defense requires evidence of "(1) government inducement to commit a crime and (2) the lack of predisposition on the part of the defendant to engage in criminal conduct." *United States v. You–Tsai Hsu*, 364 F.3d 192, 198 (4th Cir. 2004). Here, Petitioners allege no facts to support either prong of the entrapment inquiry. To the contrary, the allegations that Petitioners do offer are entirely contradicted by the statement of facts that both Petitioners signed and verified as accurate in their plea agreements. Thompson Plea Agreement at 8-9, ECF No. 38; Bell Plea Agreement at 8-9, ECF No. 42. Therefore, Petitioners' claim has no merit.

## III. Petitioners' Claim Alleging Use of Duress, Coercion or Undue Influence to Induce Agreement to Guilty Pleas

With regard to Petitioners' third claim, the record reflects that Petitioners' plea agreements were knowledgeable, voluntary, and intelligent, as is required by the Supreme Court. *Bradshaw v. Stumpf*, 545 U.S. 175, 183, (2005) (citing *Brady v. United States*, 397 U.S. 742, 748, (1970)). *See also Boykin v. Alabama*, 395 U.S. 238, 243 n. 5, (1969). In *Fields v. Attorney Gen. of State of Md.*, the Fourth Circuit held that statements previously made under oath affirming satisfaction with counsel are binding on the defendant absent clear and convincing evidence to the contrary. 956 F.2d 1290, 1299 (4th Cir. 1992).

In this case, Petitioners have not set forth any evidence to the contrary and are therefore bound by the statements made in their plea agreements. Furthermore, Petitioners have failed to

satisfy either prong of the *Strickland* test with respect to their claim that they were coerced into signing their plea agreements. As to the first prong of the *Strickland* test, Petitioners have failed to show any grounds that their attorneys' efforts fell below any objective standard of reasonableness. As to the second prong, the Fourth Circuit in *Hooper v. Garraghty*, held that a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and have insisted on going to trial." 845 F.2d 471, 475 (4th Cir. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 59, (1985)). At the time of their respective guilty pleas, both Thompson and Bell denied that anyone was forcing them to plead guilty or that they had been threatened in any way. They both stated that they were entering into their respective plea agreements voluntarily and that they felt no coercion. Petitioners do not satisfy the second prong of the *Strickland* test.

**IV.    Petitioners' Claim Alleging Failure to Investigate Discovery Materials**

Petitioners also allege that their attorneys failed to investigate and familiarize themselves with discovery materials. Pet. Mot. at 6-7, ECF No. 61. Specifically, Petitioners allege that a, "wide variety of exculpatory evidence was not investigated by counsel nor disclosed to [them]," and that their attorneys failed to make pre-trial motions, discovery requests, and Jencks requests. *Id.* at 7. When evaluating decisions not to investigate further, this Court must regard defense counsel's choices with an eye for " 'reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.' " *Bunch v. Thompson*, 949 F.2d 1354, 1363 (4th Cir. 1991) (quoting *Strickland*, 466 U.S. at 691). Here, Petitioners have failed to establish that had their attorneys taken different strategic actions, they would have rejected the plea agreements. As such, Petitioners' claim has no merit.

7

## CONCLUSION

For the reasons stated herein, Petitioners' Motions to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 60, 61, and 69) are DENIED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatabale and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioners' claims debatable, a certificate of appealability is DENIED as to both Thompson and Bell.

A separate Order follows.

Dated: April 20, 2012

/s/_____
Richard D. Bennett
United States District Judge